IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2014-CV- 1357

RAFAEL RAMOS-REYES,

Plaintiff

v.

GRAND ISLAND EXPRESS, INC.
as a CORPORATION and
MATTHEW BURGER as an individual,

Defendants

_____

**DEFENDANTS' NOTICE OF REMOVAL**
_____

Defendants, Grand Island Express, Inc. and Matthew Burger, by and through their attorneys, Hall & Evans, L.L.C., hereby give Notice of Removal pursuant to 28 U.S.C. § 1332 *et seq.*, 28 U.S.C. § 1441 *et. seq,.* and 28 U.S.C. § 1446 *et. seq.,* stating as follows:

1. Defendants Grand Island Express, Inc. and Matthew Burger are named as Defendants in a civil court action brought by the Plaintiff Rafael Ramos-Reyes in the District Court, County of Denver, State of Colorado. The State Court action was filed December 19, 2013 and served on Defendants on or about April 29, 2014. The State Court action is captioned as ***Rafael Ramos-Reyes v. Grand Island Express, Inc. and Matthew Burger***, Civil Action No. 2013-CV-35538. A copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff's Complaint alleges that he was injured in an automobile accident between his vehicle and a vehicle operated by Defendant Matthew Burger, who Plaintiff alleges was in the course and scope of his employment with Defendant Grand Island Express, Inc. [Exhibit A at ¶¶ 4, 6, 11.] Plaintiff has asserted claims against Defendant Berger for Negligence

and Negligence *Per Se* and claims against Defendant Grand Island Express, Inc. for *Respondeat Superior* and "Negligent Hiring, Training, Supervision and Entrustment." [*Id*. at ¶¶ 17-44.] Plaintiff seeks money damages for past and future economic losses, including past and future medical expenses; noneconomic losses such as mental anguish, pain and suffering, loss of enjoyment of life, physical impairment and/or permanent disability; and costs, pre-and post-judgment interest, fees and any other relief authorized by law. [*Id*. at ¶¶ 21, 26, 31, 44 and "WHEREFORE clause."]

3. On Plaintiff's motion, the District Court ordered the case be held in abeyance until May 1, 2014 to allow the Defendants to conduct an Independent Medical Examination of Plaintiff and participate in mediation. *See* "Plaintiff's Notice, Status Report, and Motion for Continued Abeyance of This Matter Up To and Including May 1, 2014" (with exhibits) and Order, attached hereto as **Group Exhibit B**.

4. In Plaintiff's Notice, Status Report, and Motion for Continued Abeyance, Plaintiff informed the District Court that Plaintiff filed suit to preserve his statute of limitations and has not yet formally served the Complaint and summonses, but counsel for Defendants has agreed to accept service of process for both Defendants if the parties are unable to resolve the matter at mediation. [Exhibit B, ¶ 6, 14.]

5. This Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of the State of Colorado. [Exhibit A at ¶ 1.] Defendants are non-residents of Colorado and are residents of Nebraska. [I*d.* at ¶¶ 2, 3.] As such, complete diversity of citizenship exists between the parties.

6. The amount in controversy in this action exceeds the $75,000.00 jurisdictional minimum required for this Court's diversity jurisdiction. Although the Plaintiff's Complaint

does not demand or state an amount of damages, a plaintiff cannot defeat removal by omitting an amount in controversy from the complaint. *Valdez v. Byers*, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *4 (D. Colo. May 20, 2009). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." See **Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir. 1995).

7.  Plaintiff has alleged his monetary damages for injuries related to the automobile accident with Defendant Matt Burger in this matter exceed $75,000.00. In Plaintiff's Notice, Status Report, and Motion for Continued Abeyance, Plaintiff stated that '[h]is medical expenses to date are approximately $200,000." [Exhibit B, ¶ 2.] Plaintiff has alleged several million dollars in damages and has tendered a multi-million dollar settlement demand. In addition to Plaintiff's representation to the District Court that he already alleges medical expense damages to date of $200,000, his multi-million dollar settlement demand makes it clear that Plaintiff is claiming damages exceeding the $75,000.00 jurisdictional threshold. [*See* Exhibit B, ¶ 2; Exhibit C.]

8.  Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(a), since the action is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that were served upon Defendant by Plaintiff are attached. These include the following items: (1) Plaintiff's Complaint [Exhibit A], Civil Case Cover Sheet [attached as **Exhibit C**], Summonses [attached as **Exhibit D**], Notice of Exclusion CRCP 16.1 [attached as **Exhibit E**], "Plaintiff's Unopposed Motion to Hold This Matter in Abeyance While the Parties Attend Mediation on

March 7, 2014" (with exhibits) and Order granting same [attached as **Group Exhibit F**], "Plaintiff's Notice, Status Report, and Motion for Continued Abeyance of This Matter Up to and Including May 1, 2014" with attachments and Order granting same [Exhibit B]; "Stipulation of Plaintiff and Defendants Regarding Physiatry Independent Medical Examination" and Order granting same [attached as **Group Exhibit G**].  Additionally, Defendant hereby certifies that neither a trial nor any hearings in this matter have been set in the District Court, County of Denver, State of Colorado.

10. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCiv.R. 81.1.

11. A copy of this Notice of Removal is being filed with the Clerk of the District Court, County of Denver, State of Colorado, and is being served on Plaintiff's counsel as specified on the attached Certificate of Service.

12. A copy of the of the Notice of Filing Notice of Removal, which is being filed with the District Court, County of Denver, State of Colorado, is attached as **Exhibit H**.

Dated this 15th day of May, 2014.

Respectfully submitted,

Hall & Evans, L.L.C.

*S/ J. Ryan Johnson*
Lance G. Eberhart, #29617
J. Ryan Johnson, #40580
Attorneys for Defendants

## **CERTIFICATE OF SERVICE (CM/ECF)**

  I HEREBY CERTIFY that on this 15th day of May, 2014, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark A. Gould
The Law Office of Mark A. Gould, P.C.
1665 Grant Street, First Floor
Denver, Colorado 80203

  and hereby certify that I have E-Filed a courtesy copy to the following:

Courtesy Copy:
Clerk of the District Court, Second Judicial District
Denver County, Colorado

                *S/Jessica A. Hinojosa*