| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>Address: 1437 Bannock Street, Denver, CO 80202<br>Telephone: (720) 865-8301 | DATE FILED: December 19, 2013 6:25 PM<br>FILING ID: BA5D3B22B5EFD<br>CASE NUMBER: 2013CV35538 |
| **PLAINTIFF: RAFAEL RAMOS-REYES**<br><br>v.<br><br>**DEFENDANTS: GRAND ISLAND EXPRESS, INC.** as a **CORPORATION** and **MATTHEW BURGER** as an individual. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff<br>Mark A. Gould, Esq. #35461<br>The Law Office of Mark A. Gould, P.C.<br>1665 Grant Street, First Floor<br>Denver, CO 80203<br>Phone: 303-832-2393<br>Facsimile: 303-832-2394<br>Email: mark@markgouldlaw.com | Case No.:<br><br>Ctrm/Div: |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW**, Plaintiff Rafael Ramos-Reyes, by and through his counsel, and as his Complaint against Defendants states, alleges, and avers as follows:

1. Rafael Ramos-Reyes, at all times pertinent to this litigation resided at 1300 Milky Way, Apt. 40B, Thornton, Colorado 80260, State of Colorado.

2. Defendant Grand Island Express Inc., (hereinafter "Grand Island") is a Nebraska Corporation, in good standing authorized to conduct business within the State of Colorado with its principal place of business located at 432 S. Stuhr Rd., Grand Island, Nebraska 68801.

3. Defendant Matthew Burger, (hereinafter "Burger") is a citizen of the State of Nebraska, and at all times pertinent to this litigation resided at 106 W. Iowa St., Dunbar, Nebraska 68346, State of Nebraska.

4. On or about January 03, 2011, Defendant Burger was driving a tractor-trailer in the City and County of Denver, State of Colorado, on I-25 northbound at or around South Downing Street when, amongst other things, Defendant Burger negligently failed to keep a lookout for vehicles in front of him and rear-ended Plaintiff causing a multi-car collision.

5. Venue is proper pursuant to C.R.C.P.98(c).



EXHIBIT A

6. On or about January 03, 2011, Plaintiff Rafael Ramos-Reyes travelling in the City and County of Denver northbound on I-25 at or around South Downing Street directly in front of the tractor-trailer that was being driven by Defendant Burger as an employee and/or agent of Defendant Grand Island Express, Inc.

7. At the same time and place, Defendant Burger failed to keep a safe distance between the vehicle he was driving and Plaintiff's vehicle.

8. At the same time and place, Defendant Burger failed to keep a proper lookout for other vehicles in front of him on northbound I-25.

9. At the same time and place, Defendant Burger was operating his truck at a speed that prevented him from stopping his vehicle prior to striking the rear of Plaintiff's vehicle.

10. At the same time and place, Defendant Burger failed to slow down and apply his brakes prior to striking Plaintiff's vehicle.

11. At the same time and place, Defendant Burger's vehicle struck the rear of Plaintiff's vehicle causing her vehicle to strike the vehicle in front of her.

12. Defendant Burger was distracted while driving and failed to see Plaintiff's vehicle.

13. Upon information and belief, Defendant was using a cellular phone or other electronic equipment while driving just prior to the subject collision.

14. On or about January 03, 2011, Plaintiff's conduct did not contribute to the cause of this collision.

15. Defendant Burger's driving was the sole reason the subject collision occurred.

16. No other person or vehicle contributed to Defendant Burger's striking Plaintiff's vehicle.

### FIRST CLAIM FOR RELIEF

*Negligence as to Defendant Burger*

17. Paragraphs 1-16 are incorporated herein by reference.

18. On or about January 3, 2011, Defendant Burger owed a duty of reasonable, ordinary care to operate his vehicle in a manner that was safe and prudent under the conditions existing at the time of the collision.

19. Defendant Burger breached the duty of care when, amongst other things, he negligently rear-ended Plaintiff's vehicle causing a multi-car collision. Defendant Burger further breached his duty to Plaintiff when he caused the subject collision due to his failure to

operate his vehicle at a speed and distance that would have allowed him to bring his vehicle to a stop without striking Plaintiff's vehicle.

20. Upon information and belief Defendant Burger further breached his duty to Plaintiff by using a cellular telephone while operating his tractor-trailer on or about January 3, 2011, or was in some other way distracted from the task of driving his tractor-trailer.

21. As a direct and proximate cause of Defendant Burger's negligence, Plaintiff has suffered, amongst other things, past and future losses and damages, physical injuries, mental anguish, pain and suffering, permanent injury/disability, a loss of enjoyment of life and other economic and noneconomic damages.

## SECOND CLAIM FOR RELIEF

### *Negligence Per Se as to Defendant Burger*

22. Paragraphs 1-21 are incorporated herein by reference.

23. Defendant is negligent per se under C.R.S. 42-4-1008, which prohibits drivers of motor vehicles to follow too closely to the vehicle in front than is reasonable and prudent while being aware of the speed of such vehicles and the traffic conditions.

24. Plaintiff was in the class of person's statute designed to protect under C.R.S. 42-4-1008, and the statute was created to prevent the type of harm Plaintiff sustained.

25. Defendant Burger was negligent *per se* by failing to keep a safe distance between his vehicle and Plaintiff's vehicle and failed to keep a safe outlook for other vehicles on the road.

26. As a direct and proximate cause of Defendant Burger's negligence, Plaintiff has suffered, amongst other things, past and future losses, damages, physical injuries, mental anguish, pain and suffering, permanent injury/disability, a loss of enjoyment of life and other economic and noneconomic damages.

## THIRD CLAIM FOR RELIEF

### *Respondeat Superior as to Defendant Grand Island Express, Inc.*

27. Paragraphs 1-26 are incorporated herein by reference.

28. On or about January 03, 2011, Defendant Burger was an employee and/or agent of Defendant Grand Island Express, Inc.

29. On or about January 3, 2011, Defendant Burger was acting within the course and scope of his employment and/or agency with Defendant Grand Island Express, Inc. when he negligently struck Plaintiff's vehicle.

30. Defendant Grand Island Express, Inc. is liable for the acts, omissions, and negligent, or reckless conduct of Defendant Burger while he was acting within the course and scope of his employment and/or agency with Defendant Grand Island. The acts, omissions, and negligent, or reckless conduct of Defendant Burger while he was acting within the course and scope of his employment and/or agency with Defendant Grand Island.

31. The acts, omissions, and negligent or reckless conduct of Defendant Burger and are by law deemed the acts, omission, negligence, or reckless conduct of Defendant Grand Island Express, Inc. under the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF

*Negligent Hiring, Training, Supervision and Entrustment
as to Defendant Grand Island Express, Inc.*

32. Paragraphs 1-31 are incorporated herein by reference.

33. On or about January 03, 2011, Defendant Burger was acting within the course and scope of his employment with Defendant Grand Island when he struck Plaintiff's vehicle, failing to observe Plaintiff's vehicle, and struck Plaintiff's vehicle without even applying the brakes.

34. Defendant Grand Island owed a duty of reasonable, ordinary care to Plaintiff in its selection and/or hiring of applicants to drive its commercial vehicles, in its decision to entrust a driver with one of its vehicles, and to determine whether a driver should be retained to drive its motor vehicles.

35. Defendant Grand Island's duty is also established by the Federal Motor Carrier Safety Regulations (FMSCRs) as adopted and promulgated by the Colorado Department of Transportation and/or Colorado Department of Public Safety.

36. Defendant Grand Island breached its duty of care to Plaintiff when, amongst other things, it negligently and recklessly hired, trained, retained, and/or entrusted Defendant Burger with one of its vehicles based upon his motor vehicle driving history, his past driving violations, and the facts of this collision.

37. Based upon the facts of the collision, Defendant Burger appears not to have been properly trained, and without proper training, Defendant Grand Island should not have entrusted him with a tractor-trailer to drive.

38. Based upon the motor vehicle driving history of Defendant Burger, he may not have been properly qualified to drive a tractor-trailer in light of his prior moving violations, and therefore should not have been hired or retained by Defendant Grand Island as a driver.

39. Defendant Grand Island knew or should have known based upon all of these facts that Defendant Burger was likely to pose a harm to other drivers on the roadway and therefore should not have hired him or entrusted him with a tractor-trailer.

40. Upon information and belief and the facts of this collision, Defendant Burger was not properly qualified or trained to operate a tractor-trailer and therefore should not have been hired and/or entrusted to operate a tractor-trailer and further demonstrates Defendant Grand Island's breach of its duty to Plaintiff.

41. Defendant Grand Island was negligent *per se* for its violation of the FMCSRs and/or laws governing its hiring, training, retention, and/or entrustment of its vehicle to Defendant Burger.

42. Defendant Grand Island further breached its duty of care to Plaintiff by failing to follow industry standards and/or regulations when determining whether Defendant Burger was qualified and properly trained to operate its commercial vehicles.

43. Defendant Grand Island was aware of the industry safety standards for its vehicles in 2011. As part of its standard operating procedure, Defendant Grand Island worked to comply with federal and industry safety standards and/or requirements. Based upon information and belief and the facts of the subject collision, Defendant's tractor or trailer likely had been improperly maintained, the brakes were likely compromised as Defendant Burger did not apply them prior to impact, and other defects not currently known to Plaintiff as the vehicle is in possession of Defendants.

44. As a direct and proximate cause of Defendant Grand Island's negligent hiring, training, retention, and/or entrustment of one of its vehicles to Defendant Burger, that may have been improperly maintained, Plaintiff has suffered past and future medical expenses, mental anguish, pain and suffering, loss of enjoyment of life, physical impairment and/or permanent disability, other past and future economic damages, noneconomic damages, and other losses and damages.

**WHEREFORE,** Plaintiff prays for judgment on his behalf for his injuries, damages and losses, including but not limited to his costs, pre-and post-judgment interest, fees and any other relief authorized by law resulting from Defendants' negligence and for such other relief that the Court determines is fair and just, and any other damages allowed under Colorado or other law(s).

**A TRIAL BY A JURY OF SIX IS HEREBY DEMANDED**

Respectfully submitted this 19th day of December, 2013.

**THE LAW FIRM OF MARK A. GOULD, P.C.**
*A duly signed original is on file at*
*The Law Office of Mark A. Gould, P.C.*
/s/ Mark A. Gould
Mark A. Gould, Esq., #35461

**Plaintiff's Address**: 1300 Milky Way, Apt. 40B, Thornton, Colorado 80260, State of Colorado

5